O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CITY OF COLLEGE STATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-04-4558** |
| | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **AGRICULTURE, ET AL.** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending before the Court is the Motion to Dismiss (Dkt. #8) of Defendants United States Department of Agriculture ("USDA") and the Rural Utilities Service ("RUS") (Collectively "Federal Defendants"). The Court held a preliminary injunction hearing on March 15, 2005. After considering the motion, the response, and the applicable law, the Court is of the opinion that the Federal Defendants' motion should be DENIED.

## Factual and Procedural Background

Plaintiff filed this lawsuit on December 3, 2004, against the Federal Defendants and the Wellborn Special Utility District ("Wellborn").[1] Wellborn is a home-rule city organized under Article XI, section 5, of the Constitution of the State of Texas. The USDA is an agency of the United States government. The RUS is an agency of the USDA. The complaint was filed pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Federal Question Jurisdictional Amendments Act of 1980, 28 U.S.C. § 1331. The Plaintiff seeks mandamus and

---

[1] The Federal Defendants and Wellborn may hereinafter be referred to collectively as "Defendants."

injunctive relief, requesting the Court to compel an officer or employee of the Federal Defendants to perform a duty owed to the Plaintiff, specifically to refrain from lending money to Wellborn. Plaintiff alleges that the Federal Defendants violated 7 C.F.R. § 1780.1 et seq., the Federal Defendants' policies and procedures for making and processing direct loans and grants for water projects, when it agreed to fund a loan to Wellborn. The Federal Defendants have moved to dismiss Plaintiff's complaint.

A more detailed recitation of the facts giving rise to this dispute is set forth in the Court's order of even date wherein it granted Plaintiff's request for a preliminary injunction.

## Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a case against it for lack of jurisdiction over the subject matter. When federal courts consider questions of subject matter jurisdiction, the precedent regarding its fundamental importance is clear. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. 'This is the first principle of federal jurisdiction.'" *Stockman v. Federal Election Commission*, 138 F.3d 144, 151 (5th Cir. 1998) (quoting Hart & Wechsler, *The Federal Courts and the Federal System* 835 (2d ed.1973)).

Under Fifth Circuit precedent, a case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications Inc*., 117 F.3d 900, 904 (5th Cir. 1997).

Consequently, even the existence of disputed facts will not prevent the trial court from dismissing a case for lack of subject matter jurisdiction. *See id.*

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a 12(b)(6) motion to dismiss, however, a court may permissibly refer to matters of public record. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

**Analysis**

The Federal Defendants have moved to dismiss the complaint against them on the grounds that the Plaintiff (1) has not suffered an injury in fact; (2) has no prudential standing; (3) is not entitled to a writ of mandamus to review the USDA's discretionary functions in approving

Wellborn's loan; and (4) cannot maintain an action for a declaratory judgment against the USDA. The Court addressed the first two arguments in its preliminary injunction order. The Court will address the latter two arguments below.

## I.      Entitlement to Writ of Mandamus

The Federal Defendants argue that Plaintiff is not entitled to a writ of mandamus because (1) the USDA's approval of Wellborn's new loan pursuant to 7 U.S.C. § 1926 is discretionary; (2) the Plaintiff has not established a clear right to the relief it seeks; and (3) the Plaintiff has an adequate remedy at law. In order to obtain a a writ of mandamus, a plaintiff must show (1) a clear right to the relief sought; (2) a clear duty by the defendant to do the particular act; and (3) that no other adequate remedy is available. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). The Court will address the Federal Defendants' arguments in turn.

### A.      USDA's Approval of the New Loan is Not a Discretionary Act

One Court dealing with the USDA's approval of a loan under 7 U.S.C. § 1926, has persuasively held that the "language of the relevant enabling statutes does not permit voluntary departure form [sic] the statutory requirements through the exercise of discretion by the Agency." *See Melissa Indus. Dev. Corp. v. North Collin Water Supply Corp.*, 256 F. Supp.2d 557, 564 (E.D. Tex. 2003).

Section 1926 and its implementing regulations provide that the USDA *may* approve water and waste disposal systems, but only *within certain guidelines*. For instance, the facilities financed by the loan may be used to serve "only" rural areas, defined as an area with less than 10,000 inhabitants. 7 U.S.C. § 1926(a)(2)(A)(i); 7 C.F.R. §§ 1780.3(a), 1780.7(b). The regulations further require that the USDA "shall" determine and document that the applicant is unable to finance the

proposed project from its own resources or through commercial credit at reasonable rates and terms. 7 C.F.R. § 1780.7(d). The regulations require that the applicant "must" have legal authority to obtain the loan. 7 C.F.R. § 1780.7(e). Additionally, the regulations require that such facilities "will be" consistent with any current development plans of municipalities in which the proposed project is located. 7 C.F.R. § 1780.1(h). The Court thus finds that the USDA's actions in approving the loan were not discretionary. It was required to follow its own rules and regulations. *See United States v. Nixon*, 418 U.S. 683, 695-96 (1974) (noting that an agency must follow its own regulations). The USDA is not entitled to dismissal on the ground that its actions were discretionary. Plaintiff has satisfied the first requirement for mandamus relief.

### B. The Plaintiff has a Right to Obtain the Relief Sought

The Federal Defendants assert that Plaintiff has not established a clear right to overturn the USDA's decision to loan funds to Wellborn. The Court finds that Plaintiff has a procedural right to protect its concrete interest and to ensure that the USDA complies with its own rules before funding a loan that may directly harm the Plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572 n. 7, 112 S. Ct. 2130, 2142 n. 7 (1992). Accordingly, Plaintiff meets the second requirement for mandamus relief.

### C. The Plaintiff Does Not Have an Adequate Remedy At Law

The Federal Defendants argue that Plaintiff cannot satisfy the second requirement for mandamus relief because it has an adequate remedy at law. Specifically, the Federal Defendants argue that the TCEQ and the Texas Administrative Code provide the Plaintiff the right to apply and receive approval to provide water service in the annexed five tracts of land. As outlined in the Court's Memorandum & Order granting Plaintiff a preliminary injunction, Plaintiff will suffer

irreparable injury if the loan is funded and Wellborn receives § 1926(b) protection. The Court finds that § 1926(b) prevents the Plaintiff from acquiring a CCN through the TCEQ to serve Wellborn unless the USDA approves that action. There is thus, no adequate remedy at law.

In sum, because it has satisfied the three requirement for seeking mandamus relief, Defendant is not entitled to dismissal of Plaintiff's claim for mandamus relief.

## II.     Ability to Maintain a Declaratory Judgment Action

Finally, the Federal Defendants argue that the Plaintiff cannot maintain an action for declaratory judgment because the USDA is entitled to sovereign immunity. Generally, sovereign immunity protects the federal government from suit unless it waives its immunity. *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998) (quoting *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996)). Waivers must be unequivocally expressed in the statutory text. Id.

As discussed above, the Plaintiff has standing under the APA. The APA contains an explicit waiver of government's sovereign immunity. *See Rothe Dev. Corp. v. United States Dep't of Defense*, 194 F.3d 622, 624 (5th Cir. 1999) (recognizing that APA waives sovereign immunity from non-monetary claims against government agencies); *see also* 5 U.S.C. § 702. The APA permits parties "suffering legal wrong because of agency action" to file an "action in a court of the United States seeking relief other than money damages." 194 F.3d at 624; 5 U.S.C. § 702. Additionally, an Eastern District of Texas Court has held that the APA waiver provision applies to situations, such as the one at bar, where a party requests a court to enjoin a § 1926 loan due to the USDA's failure to follow its regulations. *See Melissa Indus.*, 256 F. Supp.2d at 564. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, created a remedy to as to controversies of which the federal courts have jurisdiction. See *Fagan v. Schroeder*, 284, F.2d 666, 668, (7th Cir. 1960). Because the

Plaintiff has standing and because it has properly stated a claim under the APA, the USDA is not immune from the Plaintiff's claims.

## Conclusion

For the reasons explained above and in accordance with the foregoing, the Federal Defendants' Motion to Dismiss (Dkt. #8) is DENIED.

It is so ORDERED.

Signed this 17th day of October, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE